IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAY SALYERS,<br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>A.J. BLOSENSKI, INC., WASTE CONNECTIONS, INC., and WASTE CONNECTIONS US, INC.,<br>　　　　　　Defendants. | CIVIL ACTION<br><br><br><br>No. 23-4802 |

## MEMORANDUM OPINION

Plaintiff Jay Salyers has brought this putative class action against Defendants A.J. Blosenski, Inc. ("AJB"), Waste Connections, Inc. ("WCI"), and Waste Connections US, Inc. ("WCUS") (collectively, "Defendants"), alleging that Defendant AJB failed to pick up as agreed his garbage and recycling. Salyers purports to represent, "pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), (b)(3), and/or (c)(4)," a class of "[a]ny and all purchasers of trash removal and/or recycling hauling services from [AJB] during the applicable statute of limitations." Defendants move to strike Salyers's class allegations and dismiss his Amended Complaint on various jurisdictional grounds. Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(f), 23(d)(1)(D). To the extent that their Motion is not granted on such grounds, Defendants also move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) three of Salyers's claims: for fraud, for negligent misrepresentation, and for violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. C.S. § 201-1 *et seq.* Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, Defendants' Motion will be granted in part and denied in part.

I.      BACKGROUND[1]

According to Salyers's Amended Complaint, AJB is a trash and recycling hauler that serves customers in Pennsylvania and Delaware.  It is incorporated in and has its principal place of business in Pennsylvania.  WCI, a Canadian corporation with its principal place of business in Texas, acquired AJB in September 2022, making AJB a wholly owned subsidiary of WCI.  WCUS, which is a Delaware corporation with its principal place of business in Texas, oversees WCI's operations in the United States.

Salyers, a citizen of Pennsylvania, has been a customer of AJB since 2018.  Along with the putative class members, he makes quarterly payments to Defendants in exchange for trash and recycling services.  Customers have the option of paying for once- or twice-a-week trash pick-up with once-a-week recycling pick-ups.  AJB, however, "routinely" fails to provide these services as scheduled.

Although AJB's website says that customers will receive an automatic credit if their trash or recycling is not collected within seventy-two hours of the assigned date, Defendants do not in fact refund customers for these service failures.  AJB also continues to increase rates by imposing baseless "fuel and material surcharges" upon customers, such that, despite having agreed to pay $105 per quarter over a three-year term for AJB's services, Salyers now pays more than $130 per quarter.  In addition to increasing its rates, AJB informed Salyers in November 2023 that his recycling pickups would be halved from once per week to once every two weeks.  Salyers was never advised about whether he would receive reimbursement for the decrease in services.  The Amended Complaint includes screenshots from dissatisfied AJB customers who

---

[1] The below factual recitation is taken from Salyers's Amended Complaint, well-pleaded allegations from which are taken as true.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

have found themselves in the same situation.

## II.  DISCUSSION

### A.  Motion to Strike Class Allegations

The Court, either "on its own" or "on motion made by a party," may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  And when dealing with a class action, the Court may "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." Fed. R. Civ. P. 23(d)(1)(D).[2]  In defending against a motion to strike class allegations, "'[t]he plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations.'" *Trunzo v. Citi Mortg.*, 2018 WL 741422, at *4 (W.D. Pa. Feb. 7, 2018) (quoting *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985)).

"[A] motion to strike class allegations pursuant to Rule 23(d)(1)(D) 'seems, for all practical purposes, identical to an opposition to a motion for class certification,' and the rule provides 'the procedural mechanism for striking class allegations . . . once the Court determines that maintenance of the action as a class is inappropriate.'" *Almond v. Janssen Pharms., Inc.*, 337 F.R.D. 90, 99 (E.D. Pa. 2020) (quoting *Korman v. Walking Co.*, 503 F. Supp.2d 755, 762 (E.D. Pa. 2007)).  But, unlike in the typical class certification motion, the parties have not completed class discovery yet.  Because "[c]lass determination generally involves considerations

---

[2] Despite Salyers's argument to the contrary, the Court understands Defendants to move to strike the Amended Complaint's class allegations based on both Rule 12(f) and Rule 23(d)(1)(D).  Defendants reference Rule 23(d)(1)(D) explicitly in their opening brief, and their argument is premised in large part on *Almond v. Janssen Pharmaceuticals, Inc.*, which itself analyzed the propriety of striking class allegations under both rules.  337 F.R.D. 90, 98 (E.D. Pa. 2020).

3

that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action, and discovery is therefore integral," *Gray v. BMW of N. Am., LLC*, 22 F.Supp.3d 373, 386 (D.N.J. 2014), only in "rare cases where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met" should a court strike the class allegations at this early stage in the case, *Cole's Wexford Hotel, Inc. v. UPMC*, 127 F.Supp.3d 387, 403 (W.D. Pa. 2015); *accord Richardson v. Verde Energy USA, Inc.*, 354 F. Supp.3d 639, 654 (E.D. Pa. 2018).

### i. Prima Facie *Compliance with Rule 23(a)*

First, Salyers's class allegations will not be stricken for, as Defendants argue is present here, a failure to adequately plead commonality. To be certified, a class must satisfy each of the four conditions embodied in Federal Rule of Civil Procedure 23(a), and "at least one of the provisions of Rule 23(b)." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013). Rule 23(a) requires that there be, *inter alia*, "questions of law or fact common to the class"—*i.e.*, commonality. Fed. R. Civ. P. 23(a)(2). This requirement "is easy enough" to satisfy, and it can be met even when some class members have not been injured, have somewhat different claims, or have "claims [that] were arguably not even viable" *In re Nat'l Football League Players Concussion Inj. Litig.*, 821 F.3d 410, 427 (3d Cir. 2016) (quoting *In re Cmty. Bank of N. Va. Mortg. Lending Pracs. Litig.*, 795 F.3d 380, 397 (3d Cir. 2015)). In the context of a motion to strike, the party seeking certification must have sufficiently alleged "that the class members have suffered the same injury . . . not . . . merely that they have all suffered a violation of the same provision of law." *Dukes*, 564 U.S. at 349-50 (internal quotation marks and citation omitted). Class members' "claims must depend upon a common contention . . . that . . . is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* at 350. Thus, what matters for this commonality inquiry is "the capacity of a class-wide proceeding to generate

4

common *answers* apt to drive the resolution of the litigation." *Id.* (quotation omitted). The inquiry focuses on the defendant's conduct, not that of the individual putative class members. *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 528 (3d Cir. 2004).

Here, Salyers's Amended Complaint includes a *prima facie* showing of commonality because he alleges that the putative class members were subject to the same course of conduct by Defendants. *Trunzo*, 2018 WL 741422, at *4. That is, Salyers adequately alleged that the putative class members experienced the same baseless fuel and material surcharges and received the same less-than-bargained-for trash and recycling removal services. At this early stage, that is sufficient to deny Defendants' Motion to Strike on this ground.

### ii. Prima Facie *Compliance with Rule 23(b)*

Defendants next argue that striking Salyers's class allegations is appropriate under Rule 23(b) based on a syllogism: (1) despite his Amended Complaint's alternative prayers for relief, Salyers at bottom seeks damages only; (2) a class action seeking damages cannot be maintained under Rule 23(b)(2); (3) therefore, the only basis for bringing a class action available to Salyers is under Rule 23(b)(3); and, (4) the Amended Complaint contains no allegations to sustain a finding of predominance, which is required to maintain such a class action. They also argue that Salyers seeks a mandatory injunction to which he is not entitled and that his proposed class definition is overbroad.[3]

---

[3] In his prayer for relief, Salyers requests, *inter alia*:

- A declaration that Defendants' deficient trash removal and recycling hauling services are in violation of agreements with their customers and that the "fuel and material surcharges" they impose have no basis in those agreements;
- An order enjoining Defendants from continuing to provide deficient trash removal and recycling hauling services and imposing baseless "fuel and material surcharges"; requiring Defendants to provide notice when they will fail to provide services as specified by day and frequency; and requiring Defendants to preserve all evidence relevant to this lawsuit and notify service recipients with whom it comes in contact of the pendency of this and related litigation; . . . [and]
- Restitution as authorized by law.

5

The "gist of" most of Defendants' arguments attacking the nature of Salyers's sought-for relief and his proposed class definition are "that the class allegations will not meet the certification requirements of Rule 23.  But, that is a disputed and substantial question[] of law . . . that should not be resolved using a Rule 12(f) motion to strike."  *Richardson*, 354 F. Supp.3d at 654 (internal quotation marks and citation omitted).  The Court thus will deny Defendants' Motion to Strike on this ground and will reserve judgment on the propriety of Salyers's proposed class definition and relief requested until class discovery is completed and there is "full briefing on class certification."  *Id.*; *see also Richard Roe W.M. v. Devereux Found.*, 650 F. Supp.3d 319, 336-37 (E.D. Pa. 2023); *Zarichny v. Complete Payment Recovery Servs., Inc.*, 80 F. Supp.3d 610, 615-16 (E.D. Pa. 2015).

The Amended Complaint also sufficiently alleges predominance as required to sustain a class action under Rule 23(b)(3) at this point in the case.  In such class actions, "the questions of law or fact common to class members" identified above must "predominate over any questions affecting only individual members."  Fed. R. Civ. P. 23(b)(3); *see Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997) (citation omitted) ("The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.").  The predominance requirement "is . . . readily met in . . . cases alleging consumer . . . fraud."  *Amchem*, 521 U.S. at 625.

Although the predominance requirement "imposes a more rigorous obligation upon a reviewing court" than the commonality requirement does, *Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 297 (3d Cir. 2011), "'[a]t the motion to strike stage, the burden on plaintiffs" nonetheless

---

He characterizes his request for restitution as an "alternative" to damages "because he has no adequate remedy at law."

6

"is less than at the certification stage,'" *In re Allergan Biocell Textured Breast Implant Prods. Liab. Litig.*, 537 F.Supp.3d 679, 756 (D.N.J. 2021) (*In re Allergan*) (quoting *In re Ry. Indus. Emp. No-Poach Antitrust Litig.*, 395 F. Supp.3d 464, 514 (W.D. Pa. 2019)). "The court must determine only whether plaintiffs satisfied their burden to set forth factual allegations to advance a prima facie showing of predominance or that at least it is likely that discovery will reveal evidence so that critical elements of Plaintiffs' claims may be proven on a class-wide basis." *Id.* (internal quotation marks omitted).

Here, Salyers has identified a series of factual and legal issues that predominate over questions affecting the individuals that make up the putative class, including: (1) whether Defendants hired enough employees to follow through on their promised trash and recycling services; (2) whether they had a legal basis for charging class members the fuel and material surcharges; (3) whether they were unjustly enriched by the sale of their allegedly deficient services; and, (4) whether and when they knew that they would not be able to deliver on their promised services. This showing is sufficient to avoid striking Salyers's class allegations for failure to comply with Rule 23(b)(3). *See id.* at 757. Although, as Defendants point out, whether and to what extent any specific class member received the services they bargained for as the result of service disruptions will require a highly individualized analysis, "the presence of individual questions does not *per se* rule out a finding of predominance." *In re Prudential Ins. Co. Am. Sales Pracs. Litig.*, 148 F.3d 283, 315 (3d Cir. 1998). For now, Salyers has carried his burden on the predominance requirement.

Thus, considering the early stage of the litigation, Defendants' Motion to Strike Class Allegations will be denied.

### B. Motion to Dismiss for Lack of Personal Jurisdiction

WCI argues that Salyers's claims against it should be dismissed for lack of personal

7

jurisdiction. Fed. R. Civ. P. 12(b)(2). Salyers pins the Court's jurisdiction over WCI on the argument that there is an agency relationship between AJB, WCI, and WCUS. For the reasons discussed below, Defendants' Motion will be granted in this respect.

"Under Federal Rule of Civil Procedure 4(e), a federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 155 (3d Cir. 2010). Thus, the Court must engage in "a two-part inquiry. First, there must be a statutory basis for exercising jurisdiction over the nonresident defendant in accordance with the law of the forum state." *Id.* (citing *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009)). Second, the exercise of personal jurisdiction must be consistent with the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Id.* Because "Pennsylvania's long-arm statute provides for jurisdiction 'based on the most minimum contact with the Commonwealth allowed under the Constitution,' such that the Fourteenth Amendment's Due Process Clause sets the outer boundaries of personal jurisdiction," *Abira Med. Lab'ys, LLC v. Vangate Health Plans, Inc.*, 2024 WL 1468332, at *2 (E.D. Pa. Apr. 4, 2024) (quoting 42 Pa. C.S. § 5322(b)) (citing *Goodyear v. Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 923 (2011)), here, these two steps collapse into one, *Van Buskirk v. Carey Canadian Mines, Ltd.*, 760 F.2d 481, 490 (3d Cir. 1985) (citations omitted).

Due process allows for two types of personal jurisdiction: general and specific. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413-15 (1984). "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear*, 564 U.S. at

919 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)).  A defendant is subject to specific jurisdiction if they "purposefully direct[]" their activities to the forum, the litigation "arise[s] out of or relate[s] to" at least one of those activities, and the exercise of jurisdiction comports with "fair play and substantial justice."  *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007) (internal quotation marks and citations omitted).

Salyers bears the burden of proving the Court's personal jurisdiction, "and 'once a defendant has raised a jurisdictional defense,' [he] must 'prov[e] by affidavits or other competent evidence that jurisdiction is proper.'"  *Metcalfe*, 566 F.3d at 330 (quoting *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996)).  A court may deny a motion to dismiss and "'may permit jurisdictional discovery under certain circumstances and at [their] discretion.  In general, jurisdictional discovery relates to corporate defendants and arises from an inquiry as to whether they are "doing business" in the state.'"  *Hadnagy v. Moss*, 2023 WL 114689, at *7 (E.D. Pa. Jan. 5, 2023) (quoting *Doe v. Hesketh*, 15 F. Supp.3d 586, 601 (E.D. Pa. 2014)).  "If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between [the party] and the forum state, . . . the plaintiff's right to conduct jurisdictional discovery should be sustained."  *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (internal quotation marks and citation omitted).

Salyers's Amended Complaint points to little evidence showing that WCI is subject to the Court's general or specific personal jurisdiction, and jurisdictional discovery is inappropriate here.  First, there are no allegations to support the exercise of general personal jurisdiction.  According to that Complaint, WCI is a Canadian corporation with its principal place of business in Texas.  It thus is not "at home" in Pennsylvania, and it is not subject to the Court's general jurisdiction.  *Goodyear*, 564 U.S. at 919.  Further, WCI does not have sufficient contacts with

9

Pennsylvania to merit the exercise of specific personal jurisdiction. *Id.* According to Defendants' affidavit, WCI has no employees, offices, other property, or tax obligations in Pennsylvania. Nor is the company a party to the contracts that form the basis for this lawsuit. The only contacts that Salyers alleges WCI itself has with Pennsylvania are through the "regular[] dispatch[ing of] financial risk managers" to the headquarters of subsidiaries like AJB. Those contacts, however, do not relate to and did not give rise to Salyers's alleged injuries, so they cannot be the basis for exercising specific personal jurisdiction. *O'Connor*, 496 F.3d at 317 (citations omitted).

Implicitly acknowledging these hurdles, Salyers argues that principles of agency law warrant the Court's exercise of jurisdiction over WCI. Indeed, if WCI had an agency relationship with AJB, which of course has a significant presence in Pennsylvania, jurisdiction might be proper. *Daimler AG v. Bauman*, 571 U.S. 117, 134-36 & n.13 (2014); *Walden v. Fiore*, 571 U.S. 277, 285 (2014); *see also In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 753 F.3d 521, 531 (5th Cir. 2014) ("*Daimler* therefore embraces the significance of a principal-agent relationship to the specific-jurisdiction analysis, though it suggests that an agency relationship alone may not be dispositive."). But Salyers's Amended Complaint does not adequately plead such a relationship. He alleges only that: (1) AJB became a wholly owned subsidiary of WCI after its acquisition in 2022; (2) WCI is "a publicly traded company that regularly monitors its wholly-owned subsidiaries' financial risk arising from operating activities and regularly dispatches financial risk managers to their headquarters;" and, (3) WCUS "oversees WCI's operations in the United States." However, "the mere fact that one corporation owns a controlling interest in another does not render the subsidiary the agent of the parent." *Black v. JP Morgan Chase & Co.*, 2011 WL 4102802, at *32 (W.D. Pa. Aug. 10, 2011) (quoting *Japan*

*Petrol. Co. (Nigeria) Ltd. v. Ashland Oil, Inc.*, 456 F. Supp. 831, 840-41 (D. Del. 1978)); *see also NovelAire Techs., L.L.C. v. Munters AB*, 2013 WL 6182938, at *5 (S.D.N.Y. Nov. 21, 2013) ("A parent company's ownership of a subsidiary present in New York is not enough to establish an agency relationship for jurisdictional purposes."). And the Amended Complaint does not sufficiently allege a "'manifestation by the principal'"—WCI—"'that the agent'"—AJB—"'shall act for him,'" so there is no plausible allegation of an agency relationship that can sustain personal jurisdiction over WCI here. *Commonwealth v. Britton*, 229 A.3d 590, 598 (Pa. 2020) (quoting *Basile v. H & R Block, Inc.*, 761 A.2d 1115, 1120 (Pa. 2000)).

Nor has Salyers cleared the bar to merit jurisdictional discovery because the Amended Complaint does not contain sufficiently specific allegations that can allow this case to proceed against WCI. In *Toys "R" Us*, the Third Circuit credited "an affidavit in the record mentioning the defendant's 'substantial regular and systemic contacts[,]' specifically drawing the court's attention to specific discovery of sales within a particular state as compared to the U.S. writ large." *Hadnagy*, 2023 WL 114689, at *8 (citing *Toys "R" Us*, 318 F.3d at 457-58). Where, on the other hand, the party seeking to avail itself of the federal courts' jurisdiction "make[s] summary requests for jurisdictional discovery, while also alleging new facts in [its] Response to Defendants' Motion to Dismiss," such discovery is not warranted. *Id.* Because Salyers's evidence is consonant with the latter scenario, this is not a valid reason to deny Defendants' Motion. Therefore, Defendants' Motion to Dismiss WCI for lack of personal jurisdiction will be granted.

### C. Motion to Dismiss for Failure to State a Claim

Turning now to Defendants' Rule 12(b)(6) Motion to dismiss Salyers's fraud, negligent misrepresentation and UTPCPL claims: "To survive [such] a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

11

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* When analyzing a motion to dismiss, the complaint must be construed "in the light most favorable to the plaintiff," with the question being "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Well-pleaded facts are taken as true, and a determination is made as to whether those facts state a "plausible claim for relief." *Id*. at 210-11.

On a motion to dismiss, a complaint may be dismissed with prejudice and plaintiff may be denied leave to further amend his claims "if amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Simply stated, a court may dismiss a claim with prejudice if an amendment would still not cure the deficiency. *Id.* On the other hand, where, as here, one amended pleading already has been filed, further amendment may be allowed "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

### i. Sufficiency of the Allegations Against WCUS

First, Defendants argue that AJB's corporate parents—now only WCUS given that WCI is out on jurisdictional grounds—must be dismissed because there are no allegations against it specifically that could "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).

WCUS must be dismissed from this case. Salyers's allegations against that entity constitute an impermissible form of "group pleading." The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although there is no "categorical prohibition" against "group pleading," a complaint is insufficient where there is "'genuine uncertainty regarding who is responsible for what,' such as when multiple defendants are 'accused of acting jointly.'" *Corbin v. Bucks County*, 2023 WL 8042560, at *2 (E.D. Pa. Nov. 21, 2023) (quoting *Engel v. Buchan*, 710 F.3d 698, 710 (7th Cir. 2013)). To survive a motion to dismiss, then, a complaint must "plead[] sufficient facts to show that the plaintiff is entitled to relief *from a particular defendant*." *Id.* (emphasis added).

Here, the only allegations directed at WCUS specifically relate to its corporate citizenship and relationship to AJB. Therefore, Salyers has not plausibly alleged any liability under any of his causes of action against WCUS, and it must be dismissed.[4]

### ii. Sufficiency of the Allegations Against AJB

Because the Court lacks personal jurisdiction over WCI, and the Amended Complaint does not contain sufficiently specific allegations against WCUS, the remainder of Defendants' Motion to Dismiss pertains to AJB's alleged misconduct only. The Court will grant Defendants' Motion with respect to each of the counts that they have challenged.

To state a claim for fraud, the plaintiff must plead: "(1) a misrepresentation; (2) a fraudulent utterance thereof; (3) an intention by the maker that the recipient will act; (4) justifiable reliance by the recipient upon the misrepresentation; and[,] (5) damages to the

---

[4] Such pleading might have been proper had there been an agency relationship. *See, e.g., Pac. Bioscis. of Cal., Inc. v. Oxford Nanopore Techs., Inc.*, 2019 WL 1789781, at *2 (D. Del. Apr. 24, 2019). But, as discussed *supra*, Salyers has not plausibly so alleged.

recipient as the proximate result." *Krause v. Great Lakes Holdings, Inc.*, 563 A.2d 1182, 1187 (Pa. Super. 1989). And to state a claim for negligent misrepresentation, a plaintiff must plead: "(1) a misrepresentation of a material fact; (2) made under circumstances in which the misrepresenter ought to have known its falsity; (3) with an intent to induce another to act on it; and, (4) which results in injury to a party acting in justifiable reliance on the misrepresentation." *Bortz v. Noon*, 729 A.2d 555, 561 (Pa. 1999) (citation omitted). Both causes of action focus on what the defendant knew (or should have known) at the time the alleged misrepresentation was made. *Skonieczny v. Dep't of Cmty. and Econ. Dev.*, 853 A.2d 1172, 1181 (Pa. Commw. 2004) ("[T]he elements of fraud [include] the false representation of *an existing fact . . . .*" (emphasis added)); *Wood v. R.R. Donnelley & Sons Co.*, 888 F.2d 313, 318 (3d. Cir. 1989) (citations omitted) (noting that, under Pennsylvania law, mere broken "promises to do future acts do not constitute a valid fraud claim"); *Cathcart v. Micale*, 402 F.Supp.3d. 110, 116 (E.D. Pa. 2019) ("Claims for negligent misrepresentation must be based on misrepresentations regarding present facts, not unfulfilled promises to do acts in the future.").

Here, however, no misrepresentation of a present fact can be discerned. The basis for Salyers's fraud and negligent misrepresentation claims is AJB's alleged unfulfilled promise to collect trash and recycling as scheduled. The portions of the Amended Complaint related to these claims do not say that, at the time AJB and Salyers entered into a contract in 2018, the company knew or should have known that it lacked the necessary manpower to fulfill its obligations. The service reductions alleged did not occur until years later. Because there is no plausible allegation that AJB misrepresented a present fact, the fraud and negligent misrepresentation claims will be dismissed. Because, however, an amended complaint could identify earlier service failures that could give rise to a plausible inference that AJB in fact knew

at the time that it could not carry out the services it had contracted to deliver, said dismissal will be without prejudice.

Salyers's UTPCPL claim fails as currently pleaded for similar reasons. To state a claim for violation of the UTPCPL, the plaintiff must prove, as relevant here, that: (1) "the defendant was engaged in . . . unfair or deceptive acts or practices;" and, (2) the transaction between the plaintiff and defendant constituted 'trade or commerce' within" the statute's meaning. *Keller v. Volkswagen of Am., Inc.*, 733 A.2d 642, 646-47 (Pa. Super. 1999). The law "is to be liberally construed in order to effectuate its purpose." *Id.* at 646. The UTPCPL renders unlawful certain enumerated "unfair methods of competition and unfair or deceptive acts." 73 Pa. C.S. § 201-3(a). Salyers alleges that AJB's conduct constituted two of these: (1) "[r]epresenting that goods or services have . . . characteristics . . . that they do not have;" and, (2) "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." *Id.* § 201-2(4). The Third Circuit has construed the phrase "deceptive conduct" to require proof of the "knowledge of the falsity of one's statements or the misleading quality of one's conduct." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 498 (3d Cir. 2013) (citing *Wilson v. Parisi*, 549 F. Supp.2d 637, 666 (M.D. Pa. 2008)); *see Fazio v. Guardian Life Ins. Co.*, 62 A.3d 396, 406-08 (Pa. Super. 2012).

Here, Salyers's allegation that "Defendants knew that their trash removal and recycling hauling services would prove deficient" is conclusory, so his UTPCPL claim must be dismissed. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016) (citation omitted) ("[T]he clearest indication that an allegation is conclusory and unworthy of weight in analyzing the sufficiency of a complaint is that it embodies a legal point."). Therefore, the Court will dismiss

Salyers's UTPCPL claim without prejudice.[5]

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Strike will be denied. Their Motion to Dismiss will be granted in part and denied in part.

An appropriate order follows.

BY THE COURT:

*/s/ Wendy Beetlestone*
_____
**WENDY BEETLESTONE, J.**

---

[5] Defendants also argue that, should the Court strike Salyers's class allegations, it should dismiss the remaining claims for a lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Because that portion of their Motion will be denied, the Court retains subject matter jurisdiction under the Class Action Fairness Act. 28 U.S.C. § 1332(d)(2).