IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAY SALYERS,** *on behalf of himself and all others similarly situated*<br>           **Plaintiff,**<br><br>v.<br><br>**A.J. BLOSENSKI, INC.**<br>           **Defendant.** | CIVIL ACTION<br><br><br><br><br><br>No. 23-4802 |

### MEMORANDUM OPINION

Plaintiff Jay Salyers sued his trash and recycling collector, Defendant A.J. Blosenski, Inc. ("AJB"), alleging that its decreased pickup rates and imposition of additional surcharges entitled him and a class of similarly situated customers to a variety of contract-related forms of relief. AJB moves for partial summary judgment, arguing that discovery has revealed that Salyers is not entitled to relief for some of these changes. Fed. R. Civ. P. 56(a). In response, Salyers argues that this motion is premature because discovery is ongoing. *Id.* 56(d). For the reasons that follow, AJB's Motion will be denied without prejudice.

**I.     BACKGROUND**

The below facts are not in genuine dispute except where noted.

AJB started to pick up Salyers's garbage and recycling in May 2018. Salyers was charged about $100 per quarter for AJB's services. According to correspondence between them, the parties agreed that AJB would pick up his garbage and recycling for three years. Although that correspondence indicates that AJB at least planned on sending him a "service agreement," Salyers does not recall if he signed a written contract memorializing these terms. Throughout the life of that agreement, Salyers's recycling was picked up once per week, and his trash was picked up twice per week. Their relationship continued after the three-year term concluded in 2021, but

the parties dispute the terms that governed their relationship thereafter.  Starting no later than March 2022, Salyers's quarterly bills started to include fuel surcharges.  And Salyers testified that AJB started to miss trash pickups no later than January 2023.  That October, AJB notified him that it would be picking up his trash only once per week and his recycling every other week.  Despite these changes, AJB did not decrease its prices, and Salyers was unable to receive a satisfactory explanation for the surcharges.

Salyers filed this putative class action against AJB and its corporate parents, pressing various contract- and fraud-based causes of action.  Only Salyers's contract-based claims survived Defendants' motion to dismiss, and AJB's corporate parents are no longer parties to this case.  Fact discovery does not conclude until September.

## II.  DISCUSSION

A party is entitled to summary judgment if it shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A genuine issue is present when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the non-moving party in light of his burden of proof."  *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-26 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-52 (1986)).

But not every summary judgment motion is timely, and "it is well established that a court 'is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery.'"  *Id.* at 257 (quoting *Dowling v. City of Philadelphia*, 855 F.2d 136, 139 (3d Cir. 1988)); *see Lockhart v. Hoenstine*, 411 F.2d 455, 459 (3d Cir. 1969).  The Federal Rules of Civil Procedure thus provide that:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

>      (1) defer considering the motion or deny it;
>      (2) allow time to obtain affidavits or declarations or to take
>      discovery; or
>      (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). "If discovery is incomplete, a district court is rarely justified in granting summary judgment, unless the discovery request pertains to facts that are not material to the moving party's entitlement to judgment as a matter of law." *Shelton v. Bledsoe*, 775 F.3d 554, 568 (3d Cir. 2015) (citing *Doe*, 480 F.3d at 257). The non-moving party's affidavit must "specif[y] 'what particular information that is sought; how, if disclosed, it would preclude summary judgment; and why it has not been previously obtained.'" *Id.* (quoting *Dowling*, 855 F.3d at 140). When properly filed, Rule 56(d) requests are generally approved "as a matter of course," especially "when there are discovery requests outstanding or where relevant facts are under control of the party moving for summary judgment." *Id.* (quoting *Murphy v. Millennium Radio Grp. LLC*, 650 F.3d 295, 309-310 (3d Cir. 2011)).

Salyers argues that it would be inappropriate to address the merits of AJB's Motion because there is "extensive outstanding discovery" relating to material facts underlying his claims. His Rule 56(d) declaration is sufficient to preclude summary judgment at this early juncture. First, Salyers argues that he needs, among other things:

1. Any written contract between Salyers and AJB, if it exists.
2. A deposition of James Clark, a Pricing Analyst at AJB who filed an affidavit in support of the company's Motion.
3. Details regarding "AJB's document retention and preservation policies."

Second, per Salyers, these materials could preclude summary judgment because they would help determine whether the parties' agreement was committed to writing and, if so, whether that agreement contained a provision similar to another customer's contract, which has been produced, that allowed for their relationship to renew automatically. AJB's position that Salyers

never returned a written agreement is based on Clark's affidavit, so testing his credibility in a deposition and examining the company's document retention policies would touch on this issue as well. Third, as explained in the affidavit, this information has not been obtained yet because discovery has not yet concluded, and AJB has been slow in producing documents.

The discovery that Salyers has not yet received is crucial to determining the nature and terms of the contractual relationship that he had with AJB and therefore could provide sufficient basis to deny summary judgment. *See Doe*, 480 F.3d at 257. Although Salyers testified in his deposition that he does not recall if he signed a written contract, correspondence between the parties indicates that AJB at least intended to send him one. If Salyers in fact had a written contract with AJB with the same renewal clause that bound his fellow customer, then it is possible that that instrument would govern the parties' relationship. Importantly, the information that Salyers seeks, if it exists, will be in AJB's control.[1] *Shelton*, 775 F.3d at 568. In this way, Salyers's Rule 56(d) declaration offers more than mere "[s]peculation that an affidavit is false." *Anutani v. Diversified Consultants, Inc.*, 2017 WL 75781, at *2 (E.D. Pa. Jan. 9, 2017). Therefore, Salyers's Rule 56(d) request will be approved "as a matter of course." *Shelton*, 775 F.3d at 568.

### III.   CONCLUSION

For the foregoing reasons, Defendants' Partial Motion for Summary Judgment will be denied without prejudice. An appropriate order follows.

BY THE COURT:

/s/ Wendy Beetlestone, J.

**WENDY BEETLESTONE, J.**

---

[1] And even if no such contract were located, Clark's credibility and discovery regarding AJB's standard contractual terms both would be relevant to whether a rational factfinder nonetheless could infer that such a provision governed.